IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

CITY AND COUNTY OF SAN FRANCISCO, et al.,

    Plaintiffs,

  v.

UNITED STATES POSTAL SERVICE, et al.,

    Defendants.

No. C 09-01964 JSW

**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS**

Now before the Court is the motion to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1) and (6) filed by defendants United States Postal Service ("USPS"), John Potter, Michael Daley, and Noemi Luna (collectively "Defendants"). Having considered the parties' pleadings and the relevant legal authority, the Court hereby grants in part and denies in part Defendants' motion to dismiss.

**BACKGROUND**

Plaintiffs contend that Defendants refusal to deliver mail to individual locked mailboxes of residents at Single Room Occupancy buildings ("SROs") violates the equal protection provision of the Fifth Amendment, the right of free speech and freedom of association under the First Amendment, and the right to privacy under the United States Constitution. The Court shall address additional facts as necessary to its analysis in the remainder of this Order.

**ANALYSIS**

**A.     Legal Standards Applicable to Motion to Dismiss.**

A party moving to dismiss under Rule 12(b)(1) may make a facial or a factual attack on jurisdiction. A facial attack challenges the sufficiency of the jurisdictional allegations in a complaint. *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). A factual challenge instead "attack[s] the substance of a complaint's jurisdictional allegations despite their formal sufficiency, and in so doing rel[ies] on affidavits or any other evidence properly before the court." *St. Clair v. City of Chico*, 880 F.2d 199, 201 (9th Cir. 1989) (citation omitted); *accord Safe Air*, 373 F.3d at 1039. In resolving a factual attack on jurisdiction, the court "need not assume the truthfulness of the plaintiff's allegations." *Id.* (citation omitted).

When "the question of jurisdiction is dependent on the resolution of factual issues going to the merits of an action," a jurisdictional finding of genuinely disputed facts is inappropriate. *Id.* (internal quotations and citations omitted). "The question of jurisdiction and the merits of an action are intertwined where a statute provides the basis for both the subject matter jurisdiction of the federal court and the plaintiff's substantive claim for relief." *Id.* (internal quotation and citation omitted). Notwithstanding this general rule, dismissal for lack of subject matter jurisdiction, even when intertwined with the merits, may be appropriate "when the allegations of the complaint are frivolous." *Thornhill Publ'g Co. v. Gen. Tel. & Elec. Corp.*, 594 F.2d 730, 734 (9th Cir. 1979) (citation omitted).

A motion to dismiss is proper under Federal Rule of Civil Procedure 12(b)(6) where the pleadings fail to state a claim upon which relief can be granted. The complaint is construed in the light most favorable to the non-moving party and all material allegations in the complaint are taken to be true. *Sanders v. Kennedy,* 794 F.2d 478, 481 (9th Cir. 1986). The court, however, is not required to accept legal conclusions cast in the form of factual allegations, if those conclusions cannot reasonably be drawn from the facts alleged. *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754-55 (9th Cir. 1994) (citing *Papasan v. Allain,* 478 U.S. 265, 286 (1986)). Conclusory allegations without more are insufficient to defeat a motion to dismiss for failure to state a claim upon which relief may be granted. *McGlinchy v. Shell Chemical Co.*,

845 F.2d 802, 810 (9th Cir. 1988). Even under the liberal pleading standard of Federal Rule of Civil Procedure 8(a)(2), a plaintiff must do more than recite the elements of the claim and must "provide the grounds of his entitlement to relief." *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544, 555 (2007) (internal brackets and quotations omitted). The pleading must not merely allege conduct that is conceivable. Rather, plaintiffs must allege "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570.

**B.     Defendants' Motion to Dismiss.**

    **1.     Plaintiffs Sufficiently Allege Standing.**

Defendants challenge Plaintiffs' standing to bring this action. "Article III of the Constitution requires that a plaintiff have standing before a case may be adjudicated." *Covington v. Idaho*, 358 F.3d 626, 637 (9th Cir. 2004). To satisfy the Constitution's standing requirements, a plaintiff must show (1) an "injury in fact" that is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical; (2) the injury must be fairly traceable to the challenged action of the defendant; and (3) it must be likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992); *see also Covington v. Jefferson County*, 358 F.3d 626, 637-38 (9th Cir. 2004). A plaintiff, as the party invoking federal jurisdiction, bears the burden of establishing these elements. *Lujan*, 504 U.S. at 561. "At the pleading stage, general factual allegations of injury resulting from the defendant's conduct may suffice, for on a motion dismiss, [courts] presume that general allegations embrace those specific facts that are necessary to support the claim." *Id*. (internal cite and quotations omitted).

Upon review of the complaint, the Court finds that Plaintiffs allege sufficient facts to satisfy all three requirements of standing. The City alleges that it has been injured by Defendants' conduct, that the injuries alleged are traceable to Defendants' conduct, and that their injuries will be redressed by a favorable decision.

///

///

///

3

## 2. The Postal Accountability and Enhancement Act Does Not Bar Plaintiffs' Constitutional claims.

Defendants argue that Congress created an exclusive statutory scheme for addressing Plaintiffs' claims through the 2006 Postal Accountability and Enhancement Act ("PAEA") and that the Court should dismiss Plaintiffs' first through fourth claims for failure to exhaust the administrative remedies for claims under the PAEA. The PAEA amended Section 3662 of the Postal Reorganization Act, 39 U.S.C. §§ 101, *et seq.*, to provide: "Any interested person ... who believes the Postal Service is not operating in conformance with the requirements of the provisions of sections 101(d), 401(2), 403(c), 404a, or 601, or this chapter (or regulations promulgated under any of those provisions) may lodge a complaint with the Postal Regulatory Commission in such form and manner as the Commission may prescribe." *See* 42 U.S.C. § 3662. Section 403(c) provides: "In providing services and in establishing classifications, rates, and fees under this title, the Postal Service shall not, except as specifically authorized in this title, make any undue or unreasonable discrimination among users of the mails, nor shall it grant any undue or unreasonable preferences to any such user." *See* 39 U.S.C. § 403(c). Defendants contend that Plaintiffs' claims fall under Section 403(c) because they allege that USPS discriminates between users of the mails, and thus, Plaintiffs should be required to first exhaust their remedies by lodging a complaint with the Postal Regulatory Commission in accordance with Section 3662.

By its terms, Section 3662 applies only to violations of the statute or the regulations promulgated pursuant to the statute. Defendants seek to have the Court construe Plaintiffs' claim as statutory claims under Section 403(c). But Plaintiffs allege that Defendants' conduct violate provisions of the United States Constitution, not Section 403(c). Contrary to Defendants' contention, Plaintiffs' constitutional claims do not "depend entirely on an express statutory claim." (Mot. at 12.) Notably, the court in *Currier v. Potter*, 379 F.3d 716 (9th Cir. 2003), which is binding on this Court, analyzed the court's jurisdiction over the plaintiffs' regulatory, statutory, and constitutional claims separately. Defendants argue that the PAEA changed the legal landscape so dramatically as to render *Currier* inapplicable or overrule

4

*Currier*. The Court disagrees. Nevertheless, the Court need not determine, pursuant to *Currier*, whether claims under Section 403(c) may be adjudicated in federal court because Plaintiffs do not assert statutory claims here. Their claims are constitutional ones.

In support of their argument that Plaintiffs' claims fall under Section 403(c) of the PAEA, they cite to inapplicable out of circuit authority. *See LeMay v. Postal Service*, 450 F.3d 797 (8th Cir. 2006); *The Enterprise, Inc. v. Bolger*, 774 F. 2d 159 (6th Cir. 1985). In *LeMay*, the court held that the plaintiff's claim that the USPS entered into and breached a federal common law contract to provide enhanced services with Priory Mail was a claim regarding postal rates and services under the Postal Reorganization Act. *Id*., 450 F.3d at 800-801. The court did not address whether constitutional claims against the USPS would be barred by the Postal Reorganization Act.

In *Enterprise*, the court held that it lacked jurisdiction to review claims alleging that a provision of the Domestic Mail Manual violated the first and fifth amendments to the Constitution and the Postal Reorganization Act, 39 U.S.C. § 3623(c)(1), which requires the establishment of a fair and equitable mail classification system. The court concluded, based on the legislative history of the Postal Reorganization Act, that "review of a mail rate or classification decision may be sought only in a direct appeal to a United States Court of Appeals under 39 U.S.C. § 3628." *Id*., 774 F.2d at 161. Because the court in *Enterprise* was construing a predecessor statute to the PAEA with different language, the Court does not find this case persuasive here.

The Court finds that Plaintiffs were not required under the PAEA to bring their constitutional claims before the Postal Regulatory Commission. Therefore, the Court will not dismiss Plaintiffs claims on this ground.

### 3. Plaintiffs' Claim for Declaratory Relief.

In order to establish subject matter jurisdiction over the declaratory relief claim, Plaintiffs bear the burden of establishing that an "actual controversy" existed at, and has continued since, the time they filed this action. *See* 28 U.S.C. § 2201; *Rhoades v. Avon Products, Inc.*, 504 F.3d 1151, 1157 (9th Cir. 2007) ("When presented with a claim for a

declaratory judgment, ... federal courts must take care to ensure the presence of an actual case or controversy, such that the judgment does not become an unconstitutional advisory opinion."). "The purpose of the Declaratory Judgment Act is to relieve potential defendants from the Damoclean threat of impending litigation which a harassing adversary might brandish, while initiating suit at his leisure-or never." *Hal Roach Studios, Inc. v. Richard Feiner and Co.,* 896 F.2d 1542, 1555 (9th Cir.1990) (internal quotes and citation omitted). The Court must determine "whether the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant issuance of a declaratory judgment." *Maryland Casualty Co. v. Pacific Coal & Oil Co.,* 312 U.S. 270, 273 (1941). "If the defendant's actions cause the plaintiff to have a 'real and reasonable apprehension that he will be subject to liability,' the plaintiff has presented a justiciable case or controversy." *Spokane Indian Tribe v. United States*, 972 F.2d 1090, 1092 (9th Cir. 1992) (quoting *Hal Roach*, 896 F.2d at 1555).

In *Spokane Indian Tribe*, the government sent the plaintiff a letter stating that the plaintiff was violating state and federal law and that state law provided for the immediate seizure of the plaintiff's gaming machines without court orders and destruction by order of the court. The court held that "the reference to the violation of state and federal law and the power to confiscate and destroy the gaming devices" gave the plaintiff a reasonable apprehension that it would be subject to litigation and the loss of its property. *Id*. at 1092.

In contrast here, Plaintiffs rely on a letter sent by defendant San Francisco Postmaster Noemi Luna ("Luna") to the San Francisco Department of Building Inspection announcing that the Postal Service would no longer deliver mail to individual mail receptacles in SROs. (Compl., ¶ 29.) Luna asserted that delivering mail to individual SRO resident is contrary to Postal Service regulations and that San Francisco's Ordinance is preempted to the extent that it attempts to frustrate or interfere with the operations of the Postal Service. (*Id.*) As Defendants argue, Luna did not threaten any legal action, make any demands, or assert any power over the City's actions. The letter by Luna does not give rise to a "real and reasonable apprehension"

that the City "will be subject to liability." *Spokane*, 972 F.2d at 1092. Therefore, the Court grants Defendants' motion as to Plaintiffs' claim for declaratory relief.

### 4. Plaintiffs' Claims Against the Individual Defendants.

Defendants argue that the claims against John Potter, Michael Daley, and Noemi Luna (collectively, the "Individual Defendants") in their official capacity are superfluous to Plaintiffs' claims against USPS and thus, should be dismissed. Plaintiffs counter that the claims against the Individual Defendants would not be superfluous of Defendants' challenge to Plaintiffs' claims on the grounds of sovereign immunity. However, in their reply brief, Defendants clarify that 39 U.S.C. § 409 waives USPS's sovereign immunity and that USPS is not raising sovereign immunity as a defense. In light of the waiver by Section 409 and USPS's representations, the Court finds that the claims against the Individual Defendants are superfluous. Therefore, the Court grants Defendants' motion to dismiss Plaintiffs' claims against the Individual Defendants in their official capacities.

## CONCLUSION

For the foregoing reasons, the Court GRANTS IN PART and DENIES IN PART Defendants' motion to dismiss. The Court GRANTS Defendants' motion as to Plaintiffs' declaratory relief claim and claims against the Individual Defendants and DENIES Defendants' motion as to Plaintiffs' constitutional claims against USPS.

**IT IS SO ORDERED.**

Dated: November 5, 2009

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE

7