1  DENNIS J. HERRERA, City Attorney (State Bar No. 139669)
2  DANNY CHOU (State Bar No. 180240)
   Chief of Complex and Special Litigation
3  SHERRI SOKELAND KAISER (State Bar No. 197986)
   E-mail: sherri.kaiser@sfgov.org
4  TARA M. STEELEY (State Bar No. 231775)
   E-mail: tara.steeley@sfgov.org
5  Deputy City Attorneys
   CITY ATTORNEY'S OFFICE
6  City Hall, Room 234
7  1 Dr. Carlton B. Goodlett Place
   San Francisco, California 94102-4682
8  Telephone: (415) 554-4691
   Facsimile: (415) 554-4747
9
   Attorneys for Plaintiff
10 CITY AND COUNTY OF SAN FRANCISCO

11 MICHAEL M. MARKMAN (State Bar No. 191388)
   E-mail: mmarkman@cov.com
12 KELLY P. FINLEY (State Bar No. 247519)
   E-mail: kfinley@cov.com
13 JOSHUA D. HURWIT (State Bar No. 263108)
   E-mail: jhurwit@cov.com
14 COVINGTON & BURLING LLP
   One Front Street
15 San Francisco, CA 94111
   Telephone: 415.591.6000
16 Facsimile: 415.591.6091

17 Attorneys for Plaintiffs
   CITY AND COUNTY OF SAN FRANCISCO,
18 CENTRAL CITY SRO COLLABORATIVE,
   SAN FRANCISCO TENANTS UNION, and
19 HOUSING RIGHTS COMMITTEE OF SAN FRANCISCO

**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| CITY AND COUNTY OF SAN FRANCISCO, et al.,<br><br>　　　Plaintiffs,<br><br>　　　v.<br><br>UNITED STATES POSTAL SERVICE, et al.,<br><br>　　　Defendants. | Civil Case No.:  3:09-cv-01964-RS (EDL)<br><br>**STIPULATION REGARDING UNITED STATES POSTAL SERVICE'S MOTION TO COMPEL PLAINTIFF CITY AND COUNTY OF SAN FRANCISCO TO PRODUCE DOCUMENTS** |

WHEREAS, the parties have continued to meet and confer concerning the United States Postal Service's ("Postal Service") Motion to Compel City and County of San Francisco (the "City") to Produce Documents (the "Motion") since the April 5, 2011 hearing;

WHEREAS, Defendant filed a motion to compel further responses from the Plaintiff City and County of San Francisco to Document Request Numbers 6 and 11-13.

WHEREAS, the Court heard this motion on April 5, 2011, during which time the Court determined that some of the information sought had relevance and gave the parties guidance as to the relevance of the information sought.

WHEREAS, the Court ordered the parties to further meet and confer and to report back via stipulation and/or joint letter brief as to those matters that have been resolved and those matters that remain unresolved.

WHEREAS, the City is continuing to ascertain the existence and location of various categories of information and represents that it needs additional time to do this;

WHEREAS, the parties have reached an agreement on certain issues and agree to continue to attempt to resolve outstanding matters;

THE PARTIES STIPULATE AS FOLLOWS:

1. In response to RFP No. 12, on April 15, 2011, the City produced:
    a) Tenderloin Housing Clinic's ("THC") tenant rosters for each year from 2001 through 2010 that lists the names of tenants, their move in and their move out date, if any; and
    b) The "rent rolls" in THC's possession.

2. In further response to RFP No. 12, the City will produce updated rosters on a quarterly basis from THC-managed SROs. The City has not yet ascertained but will ascertain the extent to which SROs that are in the City's Master Lease program but are managed by entities other than THC maintain tenant rosters, "rent rolls" or other equivalent summaries regarding duration of stay of occupants of such buildings. The City has informed the defendant that there are five management companies other than THC under the Master Lease program and that two of those entities possess information similar to that possessed by THC. The City is

collecting that information and will produce it by May 2, 2011.  The City will also produce all monthly, quarterly and annual reports from the Master Lease contractors (or their respective management companies), to the extent not already produced.

3. In response to RFP No. 12, the City will provide the Postal Service with a list of fields from the Department of Building Inspection ("DBI") complaint tracking database, and the parties will continue to meet and confer about specific data, if any, on which the Postal Service would like additional information.  The City will provide this information to the Postal Service by May 2, 2011.

4. In further response to RFP No. 12, the City will produce a spreadsheet detailing information on the Department of Public Health's use of SRO hotels/units since 2010.

5. The City represents that, other than the above mentioned information, and information and documents previously produced, no other fully or partially responsive information exists for RFP No. 12 regarding the SRO hotels/units utilized by the City.

6. The Defendant's Motion as to RFP No. 12 pertains only to specific categories of documents regarding properties the City stated it owns, operates or utilizes through its programs.  Nothing limits the defendant from seeking further information regarding information in the Plaintiffs' possession, custody or control that pertains to other SRO hotel properties which the City does not own, operate or utilize through its programs.

7. Though further meeting and conferring will occur, at this time, the parties are able to agree as follows regarding RFP Nos. 6, 11 and 13:

8. In response to RFP Nos. 6, 11, and 13, the City will produce a spreadsheet containing complaint information about SROs generated by the 311 complaint agency ("311") from January 2010 to the present by May 2, 2011.  The City will ascertain the existence and location of responsive information predating January 2010 by May 2, 2011;

9. In response to RFP Nos. 6, 11, and 13, the City will produce any lists of San Francisco SROs used by 311 by May 2, 2011;

10. In response to RFP Nos. 6, 11, and 13, the City will inquire with the Department of Public Health ("DPH") when the Deputy Director of DPH-Environmental Health returns to

his office on April 25, 2011 to ascertain what, if any, responsive materials (such as documents from DPH inspections at SROs) can be produced, and the City will notify Defendant's counsel as to the scope and location of responsive information by May 2, 2010.  The City represents that the Deputy Director of DPH-Environmental Health is best positioned to help the City ascertain the scope and location of responsive information and, therefore, it must wait until his return in order to be able to ascertain the scope and existence of any information;

11. In response to RFP Nos. 6, 11, and 13, the City will produce the City Attorney's Office's formal complaints against and demand letters to SRO owners contained in its litigation files by May 2, 2011 or sooner;

12. In response to RFP Nos. 6, 11, and 13, the City agrees to follow up as to the existence of information from the Code Enforcement Outreach Program, and SRO ranking/rating lists, whether from DBI or DPH, that may be responsive and will notify Defendant's counsel as to the findings regarding any additional responsive information by May 2, 2011;

13. Neither party waives any argument regarding whether further information that is responsive to RFP Nos. 6, 11 and 13 should be searched for or produced;

14. The parties will continue to meet and confer about these items as necessary.

IT IS SO STIPULATED.

Dated:    April 19, 2011                                          By:  _____/s/_____

Sherri Sokeland Kaiser
Tara M. Steeley

Attorneys for Plaintiff
CITY AND COUNTY OF SAN FRANCISCO

Michael M. Markman
Kelly P. Finley
Joshua D. Hurwit

Attorneys for Plaintiffs
CITY AND COUNTY OF SAN FRANCISCO, CENTRAL CITY SRO COLLABORATIVE, SAN

|   |   |
|---|---|
| | FRANCISCO TENANTS UNION, and HOUSING RIGHTS COMMITTEE OF SAN FRANCISCO |
| Dated: April 19, 2011 | By: _____/s/_____ |
| | Jonathan U. Lee<br>Thomas R. Green<br>Victoria Carradero |
| | Attorneys for Defendant<br>UNITED STATES POSTAL SERVICE |



Dated: April 20, 2011

STIPULATION  
Case No. 3:09-cv-01964-RS (EDL)

4