```
 1  MELINDA HAAG
    United States Attorney
 2  JOANN M. SWANSON
    Assistant United States Attorney
 3  Chief, Civil Division
 4  JONATHAN U. LEE (CSBN 148792)
    THOMAS R. GREEN (CSBN 203480)
 5  VICTORIA R. CARRADERO (CSBN 217885)
    Assistant United States Attorneys
 6  Northern District of California
    450 Golden Gate Avenue, Box 36055
 7  San Francisco, California 94102
    Telephone: (415) 436-6909
 8  Facsimile: (415) 436-6748
 9  Email:  Jonathan.Lee@USDOJ.gov

10  Attorneys for Defendant U. S. Postal Service

11  MICHAEL M. MARKMAN (State Bar No. 191388)
    E-mail: mmarkman@cov.com
12  KELLY P. FINLEY (State Bar No. 247519)
    E-mail: kfinley@cov.com
13  JOSHUA D. HURWIT (State Bar No. 263108)
    E-mail: jhurwit@cov.com
14  COVINGTON & BURLING LLP
    One Front Street
15  San Francisco, CA 94111
    Telephone: 415.591.6000
16  Facsimile: 415.591.6091
    Attorneys for Plaintiffs
17  CITY AND COUNTY OF SAN FRANCISCO,
    CENTRAL CITY SRO COLLABORATIVE,
18  SAN FRANCISCO TENANTS UNION, and
    HOUSING RIGHTS COMMITTEE OF SAN FRANCISCO
19
    (Other Counsel Identified on Service List)
20
```

**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| CITY AND COUNTY OF SAN FRANCISCO, et al., <br><br> Plaintiffs, <br><br> v. <br><br> UNITED STATES POSTAL SERVICE, et al., <br><br> Defendants. | Civil Case No.:  3:09-cv-01964-RS (EDL) <br><br> **STIPULATION AND ~~PROPOSED~~ ORDER REGARDING UNITED STATES POSTAL SERVICE'S MOTION TO COMPEL DISCOVERY REQUIRED BY THE ALLEGATIONS IN THE COMPLAINT** |

1  The United States Postal Service's ("Postal Service") Motion to Compel Discovery Required By The Allegations In The Complaint came on for hearing before Magistrate Elizabeth D. Laporte on April 19, 2011.  After consideration of the arguments by counsel at the hearing, the Court requested the parties to prepare a stipulation and proposed order setting forth the Court's order granting in part and denying in part the Postal Service's motion.

1.  Regarding Interrogatory Number 9, the Court grants in part and denies in part the motion as follows:  each plaintiff will provide a list of the apartment buildings and SRO hotel buildings each plaintiff visited during the 9 month period before the filing of the complaint in this case for the blocks listed below.  For plaintiff City and County of San Francisco, the response may be limited to properties visited by its Departments of Public Health and Building Inspection.

The blocks are:  600 block of Pacific, 700 block of Pacific, 400 block of Valencia, 500 block of South Van Ness, 1000 block of Howard, 100 block of 6th Street, 200 block of Turk, and 400 block of Ellis.

2.  Regarding Interrogatory Number 6, the Court grants in part and denies in part the motion as follows:  plaintiffs' April 15th supplemental response will be revised to reflect it was served on behalf of all plaintiffs and verifications will be provided.

3.  Regarding Interrogatories Number 4 and 5, the Court finds that the Postal Service knows the addresses of apartments and SRO hotels better than the City and County of San Francisco and on that basis denies that portion of the motion.

4.  Regarding Interrogatories 8 and 10 to 25, the Court grants in part and denies in part the motion as follows:  the plaintiffs' April 15th supplemental responses will be revised to reflect they were served on behalf of all plaintiffs and verifications will be provided.

5.  Regarding the portion of the motion concerning the investigation plaintiffs conducted before they filed this complaint, the Court grants in part and denies in part the motion as follows:

1 Regarding the documents, plaintiffs will disclose the documents and/or facts within the documents that do not contain attorney mental processes and/or provide a declaration under oath clarifying whether or not the facts and/or documents have been provided already. For any facts and documents not previously disclosed, but for which plaintiffs have ascertained that there is no possible way to provide the facts or documents in redacted form, plaintiffs will provide a declaration under oath with sufficient detail to enable the Postal Service to confirm the claim of attorney work product. For the documents that have not been produced, if plaintiffs determine that it is impossible to redact mental impressions of an attorney versus facts, the documents may be withheld but plaintiffs will have to provide an interrogatory response with the facts.

IT IS SO STIPULATED.

Dated: May 16, 2011                By: ___/s/_____
                                   Michael M. Markman
                                   Kelly P. Finley
                                   COVINGTON BURLING LLP
                                   Attorneys for Plaintiffs
                                   CITY AND COUNTY OF SAN FRANCISCO, CENTRAL CITY SRO COLLABORATIVE, SAN FRANCISCO TENANTS UNION, and HOUSING RIGHTS COMMITTEE OF SAN FRANCISCO

Dated: May 16, 2011                By: __/s/_____
                                   Jonathan U. Lee
                                   U. S. ATTORNEY'S OFFICE
                                   Attorneys for Defendant
                                   UNITED STATES POSTAL SERVICE

PURSUANT TO STIPULATION, IT IS SO ORDERED.

May __18__, 2011
                                   _____
                                   Hon. Elizabeth D. Laporte
                                   U.S. MAGISTRATE JUDGE