**\*E-Filed 6/24/11\***

**United States District Court**
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

CITY OF SAN FRANCISCO, et al.,                    No. C 09-1964 RS

            Plaintiffs,          **ORDER DENYING PLAINTIFF'S**
   v.                                            **MOTION TO STAY, MODIFYING**
                                                      **SCHEDULE**

UNITED STATES POSTAL SERVICE,

            Defendant.
_____/

     The parties have filed competing motions.  Plaintiffs request a stay of all litigation (save

defendant's deadline to exchange its rebuttal expert reports) pending resolution of a regulatory

complaint recently filed before the Postal Regulatory Commission ("PRC").  Defendants oppose a

stay, and argue that fairness and efficiency require that the case continue to summary judgment and,

if need be, trial.  They do, however, request a modification of the dispositive motion hearing date so

that the *filing* date will fall after defendants receive certain discovery materials.  Although plaintiffs

request to stay the entire matter, they nonetheless oppose moving out the dispositive motion

deadline.

     A court may in its discretion stay proceedings in appropriate circumstances.  Generally, a

court looks to three factors: (1) whether a stay would unduly prejudice or present a clear tactical

disadvantage to the nonmoving party; (2) whether a stay will simplify the issues in question and trial

1   of the case; and (3) whether discovery is complete and whether a trial date has been set.  *See, e.g.*, *In*

2   *re Cygnus Telecom. Tech., LLC Patent Litig.*, 385 F. Supp. 2d 1022, 1023 (N.D. Cal. 2005) (citing

3   *Xerox Corp. v. 3Com Corp.*, 69 F. Supp. 2d 404, 406 (W.D. N.Y. 1999); *ASCII Corp. v. STD Entm't*

4   *USA, Inc.*, 844 F. Supp. 1378, 1380 (N.D. Cal. 1994)).

5          A stay is not warranted here.  The Postal Service argues, as an initial matter, that it will be

6   unduly prejudiced by waiting for a resolution of the PRC complaint.  The Postal Service complains

7   that after two years of expensive discovery (and vigorous discovery battles), it is ready to challenge

8   plaintiff's constitutional claims, to test plaintiff's evidentiary presentation, and to resolve the case at

9   either summary judgment or trial.  Defendants argue, in other words, that they also have a right to

10  their respective "day in court" to defend against plaintiff's (apparently widely publicized)

11  allegations.

12         Moreover, even plaintiffs agree that their regulatory claims filed before the PRC are separate

13  and distinct from those constitutional claims that make up this litigation.  Indeed, in the summer of

14  2009, defendants moved to dismiss the instant complaint and argued that, even if plaintiffs had

15  stated viable constitutional claims, it would make sense to defer resolution until plaintiffs first

16  sought relief through the PRC's administrative channels.  Plaintiffs successfully defended against

17  that motion by disavowing that theirs were regulatory claims, or claims that depended on resolution

18  of hypothetical regulatory claims.  As a matter of fairness, it is difficult to ignore plaintiffs'

19  complete reversal of position.  Two years ago, they insisted that deferral or delay of this litigation

20  pending a regulatory proceeding in the PRC would add little but in turn prejudice the individuals

21  plaintiffs represent by delaying relief.  They now essentially argue the opposite: that a regulatory

22  proceeding will at least "help" matters in this litigation enough to warrant interruption roughly three

23  months prior to their scheduled trial date.  More importantly, the plaintiffs do not actually argue that

24  resolution of the regulatory complaint will "simplify" the substantive issues in question.  Plaintiffs

25  contend the matter would be simplified not because the constitutional claims depend or are informed

26  by the regulatory ones, but because plaintiffs promise they will be so "satisfied" with a favorable

27  PRC decision that they will voluntarily drop their constitutional claims.  Given the major reversal

28

**United States District Court**
For the Northern District of California

1  behind plaintiffs' stay request, plaintiffs should not be surprised if the Court receives this new

2  promise with some skepticism.

3         Finally, discovery is nearly complete and a trial date was long ago set.  In other words, the

4  competing considerations with which this Court is tasked do not warrant the stay requested.  That

5  said, a compromise of sorts regarding scheduling is perhaps in order.  This Court granted, over

6  defendants' opposition, plaintiffs a slight extension of discovery deadlines.  As the Postal Service

7  points out, the new deadlines operate such that defendant's deadline to file a motion for summary

8  judgment falls at a point in time prior to the date on which they will receive certain documents and

9  discovery.  Accordingly, the slight extension of the dispositive motion hearing deadline defendants

10 request is warranted.  As the parties are still in the midst of varied discovery battles, and have filed

11 myriad discovery motions, it makes sense to push the dispositive motion deadline out slightly

12 further than requested to allow the referral judge an opportunity to address the parties' numerous

13 filings.  All dispositive motions shall be heard no later than October 13, 2011.  The trial date shall

14 be continued to January 9, 2012.  The continuance of the trial date is convenient for the Court's

15 schedule and the slight delay does indeed allow plaintiffs to pursue their regulatory complaint.

16 Should plaintiffs prevail there, they of course remain free to voluntarily to dismiss this matter.

17

18

19         IT IS SO ORDERED.

20

21 Dated: 6/24/11

22                                                                    RICHARD SEEBORG
                                                                      UNITED STATES DISTRICT JUDGE

23

24

25

26

27

28                                                                    No. C 09-1964 RS
                                                                      ORDER