IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CITY AND COUNTY OF SAN FRANCISCO,<br><br>    Plaintiff,<br><br>  v.<br><br>US POSTAL SERVICE,<br><br>    Defendant.<br>_____/ | No. C-09-01964 RS (EDL)<br><br>**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO COMPEL** |

    Before the Court is Defendant's Motion to Compel a Rule 30(b)(6) Deposition (docket number 174), which was heard on shortened time on June 27, 2011. Defendant seeks to compel the City's deposition for topic 2 of its Rule 30(b)(6) deposition notice, which seeks testimony regarding the City's classification, licensure and taxation of SRO hotels as hotels. For the reasons stated at the hearing and in this Order, Defendant's motion is granted in part and denied in part.

    In reaching its decision on this motion, which is set forth in full on the record, the Court is guided by the principle of proportionality. See Fed. R. Civ. P. 26(b)(2)(C)(iii). As stated at the hearing, the relevance of the information sought in topic 2 is limited, so the amount of discovery that Defendant is entitled to on topic 2 must be proportionate. The Court determined that the most relevant information under topic 2 is tax records, which Plaintiff is ordered to produce as stated at the hearing with redactions to protect the privacy of the taxpayer. Defendant is entitled to information regarding the percentage of tourist use and long-term use of hotels, as Plaintiff agreed to produce. The City need not produce information for topic 2 in connection with more tangential City agencies, such as the Planning Department, which classifies hotels and apartments for zoning purposes using many different factors that do not fit closely with the issues in this case and would be cumulative to the information provided with the tax records. Similarly, the Department of Public

1  Health and the Human Services Agency maintain less relevant information, as Defendant conceded
2  at the hearing, and so Plaintiff need not produce information from those agencies. Plaintiff agreed to
3  produce authenticated lists of hotels, and the parties are ordered to meet and confer regarding what
4  lists are actually available for production. This production is subject to the time limits agreed to by
5  the parties.

**IT IS SO ORDERED.**

Dated: June 28, 2011

_____
ELIZABETH D. LAPORTE
United States Magistrate Judge