IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

CITY AND COUNTY OF SAN FRANCISCO, et al.,

    Plaintiffs,

  v.

UNITED STATES POSTAL SERVICE,

    Defendant.

No. C-09-01964 RS (EDL)

**ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO COMPEL DEFENDANT TO PRODUCE PRIVILEGE LOG (DOCKET 155)**

On March 22, 2011, Defendant provided Plaintiff with a privilege log. Lee Decl. ¶ 8. Following meet and confer sessions, Defendant provided two further revised privilege logs on April 28, 2011 and June 1, 2011. Id. Plaintiff argues that the June 1, 2011 privilege log remains inadequate, and has filed a motion to compel seeking a court order requiring Defendant to supplement the log. On July 12, 2011, the Court held a hearing on Plaintiff's motion to compel. For the reasons stated at the hearing and in this Order, Plaintiff's motion is granted in part and denied in part.

Plaintiff argues that Defendant's June 1 log does not comply with the Court's standing order regarding the requirements for a privilege log, most notably because, in some instances, Defendant has failed to provide the title and description of the document and failed to provide the subject matter of the document. Therefore, Plaintiff argues that it cannot determine whether certain documents are protected or not. Defendant provided more information in its brief in opposition to the motion to compel explaining how the log was created and how some of the documents on the log relate to one another. This information goes a long way to explaining the privilege log, and, at the hearing, Defendant's counsel confirmed that notations of "advice of counsel" on the log meant legal advice. Defendant also confirmed at the hearing that log entries with Bates stamp numbers represent

documents that were produced with redactions, and that log entries with no Bates stamp numbers represent documents that have been withheld. At the same time, some of the log entries remain somewhat confusing. Therefore, at the hearing, the Court agreed to examine a limited number of documents <u>in camera</u> to evaluate the adequacy of the log. The parties shall meet and confer to choose five to ten entries for which Defendant will submit the documents <u>in camera</u> to the Court. A reasonable starting point, though not necessarily the final choice of which documents to submit, would be the seven entries detailed in the motion to compel. The Court will rule on whether and to what extent the chosen documents (provided they are not excessive) are properly included on a privilege log, and the parties agreed to apply the Court's ruling to similar documents. The Court cautions the parties to choose documents of manageable length. The parties shall provide the documents to the Court no later than July 26, 2011.

**IT IS SO ORDERED.**

Dated: July 12, 2011

ELIZABETH D. LAPORTE
United States Magistrate Judge