IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

CITY AND COUNTY OF SAN FRANCISCO,  No. C-09-01964 RS (EDL)

    Plaintiff,

v.

US POSTAL SERVICE,

    Defendant.

**ORDER REGARDING IN CAMERA REVIEW OF DOCUMENTS**

    In the Court's July 12, 2011 Order granting in part Plaintiffs' motion to compel Defendant to supplement its privilege log, the Court gave the parties leave to lodge up to ten documents from Defendant's log, chosen by Plaintiff, for the Court to review to determine whether the documents were properly included on Defendant's privilege log. On August 3, 2011, Defendant lodged the documents and the parties filed a joint brief regarding the documents. The Court has carefully reviewed the in camera documents and makes the following rulings.

1. Email string that includes the entry with subject "SROs" dated December 11, 2008. This document is not protected by the attorney-client privilege. Further, the Court is not convinced that Defendant reasonably anticipated litigation when this document was created, but even if Defendant did reasonably anticipate litigation at that time, the chart attached to the email contains purely factual information that is not protected by the work product doctrine in this case. Plaintiffs have substantial need for the information, and, unless they have already been provided the same information in a different form (e.g., as part of a larger table or in a different format), they would be unable to obtain substantially equivalent information without undue hardship. See Fed. R. Civ. P. 26(b)(3) (stating that work product

materials may be discovered if: "the party shows that it has substantial need for the materials to prepare its case and cannot, without undue hardship, obtain their substantial equivalent by other means."). To the extent that Plaintiffs have not already received this document or its equivalent, Defendant shall produce it.

2. Email string that includes the undated entry with the subject line "No subject." This document is protected by the attorney-client privilege and/or the work product doctrine. Defendant did not waive either protection. This document is properly on the privilege log.

3. Chart entitled "Hotel Information" sent by non-attorney Dan Bernardo dated December 11, 2008. This document is not protected by the attorney-client privilege. Further, the Court is not convinced that Defendant reasonably anticipated litigation when this document was created, but even if Defendant did reasonably anticipate litigation at that time, the chart attached to the email contains purely factual information that is not protected by the work product doctrine in this case. Plaintiffs have substantial need for the information, and, unless they have already been provided the same information in a different form (e.g., as part of a larger table or in a different format), they would be unable to obtain substantially equivalent information without undue hardship. See Fed. R. Civ. P. 26(b)(3) (stating that work product materials may be discovered if: "the party shows that it has substantial need for the materials to prepare its case and cannot, without undue hardship, obtain their substantial equivalent by other means."). To the extent that Plaintiffs have not already received this document or its equivalent, Defendant shall produce it.

4. Document entitled "SRO Inventory w/Del. Issues" dated March 31, 2009. This document is not protected by the attorney-client privilege. Further, even assuming that this document was prepared because of litigation for purposes of the work product doctrine, the document contains purely factual information that is not protected by the work product doctrine in this case. Plaintiffs have substantial need for the information, and, unless they have already been provided the same information in a different form (e.g., as part of a larger table or in a different format), they would be unable to obtain substantially equivalent information without undue hardship. See Fed. R. Civ. P. 26(b)(3) (stating that work product materials

1    may be discovered if: "the party shows that it has substantial need for the materials to
2    prepare its case and cannot, without undue hardship, obtain their substantial equivalent by
3    other means."). To the extent that Plaintiffs have not already received this document or its
4    equivalent, Defendant shall produce it.

5.   Email string that included the entry with a doc type labeled "Excel" and with the subject "Attachment - Chart" from Dan Bernardo dated December 11, 2008. This document is not protected by the attorney-client privilege. Further, the Court is not convinced that Defendant reasonably anticipated litigation when this document was created, but even if Defendant did reasonably anticipate litigation at that time, the chart attached to the email contains purely factual information that is not protected by the work product doctrine in this case. Plaintiffs have substantial need for the information, and, unless they have already been provided the same information in a different form (e.g., as part of a larger table or in a different format), they would be unable to obtain substantially equivalent information without undue hardship. See Fed. R. Civ. P. 26(b)(3) (stating that work product materials may be discovered if: "the party shows that it has substantial need for the materials to prepare its case and cannot, without undue hardship, obtain their substantial equivalent by other means."). To the extent that Plaintiffs have not already received this document or its equivalent, Defendant shall produce it.

6.   Email string that included the entry with a doc type labeled "Excel" and with the subject "SRO's prior to Ordinance w/Attachment" from Dan Bernardo dated December 11, 2008. This document is not protected by the attorney-client privilege. Further, the Court is not convinced that Defendant reasonably anticipated litigation when this document was created, but even if Defendant did reasonably anticipate litigation at that time, the chart attached to the email contains purely factual information that is not protected by the work product doctrine in this case. Plaintiffs have substantial need for the information, and, unless they have already been provided the same information in a different form (e.g., as part of a larger table or in a different format), they would be unable to obtain substantially equivalent information without undue hardship. See Fed. R. Civ. P. 26(b)(3) (stating that work product

materials may be discovered if: "the party shows that it has substantial need for the materials to prepare its case and cannot, without undue hardship, obtain their substantial equivalent by other means."). To the extent that Plaintiffs have not already received this document or its equivalent, Defendant shall produce it.

7. Email string that included the entry with a doc type "Email - string" and with the subject "FW: Attachment" from Judi Mummy to Judi Mummy dated December 11, 2008. This document is not protected by the attorney-client privilege. Further, the Court is not convinced that Defendant reasonably anticipated litigation when this document was created, but even if Defendant did reasonably anticipate litigation at that time, the chart attached to the email contains purely factual information that is not protected by the work product doctrine in this case. Plaintiffs have substantial need for the information, and, unless they have already been provided the same information in a different form (e.g., as part of a larger table or in a different format), they would be unable to obtain substantially equivalent information without undue hardship. See Fed. R. Civ. P. 26(b)(3) (stating that work product materials may be discovered if: "the party shows that it has substantial need for the materials to prepare its case and cannot, without undue hardship, obtain their substantial equivalent by other means."). To the extent that Plaintiffs have not already received this document or its equivalent, Defendant shall produce it.

8. Email string that included the entry with a doc type "Attached" and with the subject "Attachment" from Dan Bernardo dated December 11, 2008. This document is not protected by the attorney-client privilege. Further, the Court is not convinced that Defendant reasonably anticipated litigation when this document was created, but even if Defendant did reasonably anticipate litigation at that time, the chart attached to the email contains purely factual information that is not protected by the work product doctrine in this case. Plaintiffs have substantial need for the information, and, unless they have already been provided the same information in a different form (e.g., as part of a larger table or in a different format), they would be unable to obtain substantially equivalent information without undue hardship. See Fed. R. Civ. P. 26(b)(3) (stating that work product materials may be discovered if: "the

party shows that it has substantial need for the materials to prepare its case and cannot, without undue hardship, obtain their substantial equivalent by other means."). To the extent that Plaintiffs have not already received this document or its equivalent, Defendant shall produce it.

9. Email string that included the entry with a doc type "Attached" and with the subject "Attachment" with no author dated December 11, 2008. This document is not protected by the attorney-client privilege. Further, the Court is not convinced that Defendant reasonably anticipated litigation when this document was created, but even if Defendant did reasonably anticipate litigation at that time, the chart attached to the email contains purely factual information that is not protected by the work product doctrine in this case. Plaintiffs have substantial need for the information, and, unless they have already been provided the same information in a different form (e.g., as part of a larger table or in a different format), they would be unable to obtain substantially equivalent information without undue hardship. See Fed. R. Civ. P. 26(b)(3) (stating that work product materials may be discovered if: "the party shows that it has substantial need for the materials to prepare its case and cannot, without undue hardship, obtain their substantial equivalent by other means."). To the extent that Plaintiffs have not already received this document or its equivalent, Defendant shall produce it.

10. Email string that includes the 6 entries with a doc type "Email-string" and with the subject "Fw: San Fran SRO templt" dated from December 17, 2008 to December 23, 2008. This document is protected by the attorney-client privilege. Therefore, it is properly on Defendant's privilege log.

**IT IS SO ORDERED.**

Dated: August 12, 2011

*Elizabeth D. Laporte*
ELIZABETH D. LAPORTE
United States Magistrate Judge

5