MELINDA HAAG (CABN 132612)
United States Attorney
JOANN M. SWANSON (CABN 88143)
Chief, Civil Division
JONATHAN U. LEE (CABN 148792)
THOMAS R. GREEN (CABN 203480)
VICTORIA CARRADERO (CABN 217885)
Assistant United States Attorneys

    450 Golden Gate Avenue, Box 36055
    San Francisco, California 94102-3495
    Telephone:   (415) 436-7314
    Facsimile:    (415) 436-6748
    jonathan.lee@usdoj.gov
    thomas.green@usdoj.gov
    victoria.carradero@usdoj.gov

Attorneys for Federal Defendant

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| CITY AND COUNTY OF SAN FRANCISCO, *et al.*<br><br>                Plaintiffs,<br><br>   v.<br><br>UNITED STATES POSTAL SERVICE,<br><br>                Defendant. | Case No. CV-09-1964 RS (EDL)<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO COMPEL PRIVILEGE LOG PLAINTIFF CITY AND COUNTY OF SAN FRANCISCO PROMISED TO PRODUCE AND FOR LIMITED REOPENING OF DISCOVERY IF NECESSARY**<br><br>Date: October 11, 2011<br>Time: 9:00 a.m.<br>Court: Courtroom F, 15th Floor<br>Judge: Honorable Elizabeth D. Laporte |

No. C 09-1964 RS (EDL)

**MEMORANDUM OF POINTS AND AUTHORITIES**

I. **INTRODUCTION**

The Postal Service reluctantly brings this motion to compel a privilege log that plaintiff City and County of San Francisco has promised to produce since May 2011. In an attempt to avoid having to bring any further motions relating to discovery before this Court, the U.S. Attorney's Office sought plaintiff's compliance with its unambiguous promises to provide the privilege log. Those assurances were provided in writing in June and July, 2011. In a July 15th email, plaintiffs' counsel stated the privilege log would be provided the following week. When it was not, and the U.S. Attorney's Office attempted to seek plaintiffs' counsel compliance with their previous assurances, the log was not forthcoming. The U.S. Attorney's Office has concluded that the privilege log will not be provided informally, despite plaintiffs' assurances to the contrary, and that intervention by the Court is necessary to obtain the City's compliance with its previously stated promises. There is no way the privilege log can be assessed for its adequacy when it has not been provided, after four months of assurances it would be. The documents that are the subject of the overdue log go to a key issue in this case, namely whether SRO hotels are hotels or apartments. The motion should be granted as argued below and requested in the proposed order.

II. **FACTUAL BACKGROUND**

According to their complaint, plaintiffs allege constitutional violations stemming from the United States Postal Service's 2008 decision regarding the method of mail delivery used at SRO hotels in San Francisco. Plaintiffs claim that the SRO hotels are "apartments," based on their reading of a Postal Service regulation. The parties dispute whether plaintiffs' interpretation of that regulation as well as whether plaintiffs can state a constitutional claim based on a Postal Service regulation.

During discovery, the Postal Service requested production of the files the City maintains for each of the approximately 500 properties the City contends is an SRO hotel. Each property owner is required to submit annual reports concerning the use of the rooms in the hotel. Those

No. C 09-1964 RS (EDL)        1

annual reports and other documents collected by the City are kept in a file at the Department of Building Inspection. Lee Declaration at ¶¶ 2-3.

After months of delay, rather than produce the files, the City said it would provide access to the files. The City claimed the files would be made available only after a privilege review had been conducted. The U.S. Attorney's Office informed the City that the files appeared to be public documents subject to the City's Sunshine Ordinance. The City insisted, however, that no files would be made available until a privilege review had been conducted. Lee Decl. ¶ 4.

The first review did not occur until March 2011 because of the City's stated need to conduct a privilege review. Altogether, the City provided access to approximately 55 of the files. The files were reviewed on four days: March 14, 2011, June 8, 9 and 20, 2011. Attorneys and staff for the Postal Service went to an office of the Building Inspection Department to conduct the file review and make copies on portable scanning equipment. The City would not make copying equipment available, so the U.S. Attorney's Office had to transport portable scanners each day there was a file review. Lee Decl. ¶¶ 5-7.

The City allowed access to five files at a time. The U.S. Attorney's Office requested the files by address. A DBI staffer would then bring the files to a conference room where the review and any scanning took place. On at least one occasion, a file requested was not located by the DBI staff, so it could not be reviewed. Lee Decl. ¶ 8.

As mentioned above, the City claimed throughout that it would not provide access to any of the 500 files until it had conducted a privilege review. During meet and confer discussions in May 2011, the City agreed to provide a supplemental privilege log. The privilege log provided by the City on May 24, 2011 did not contain any entries for those 15 files. Lee Decl. ¶ 9-10.

When asked to provide a privilege log of the DBI files it had reviewed, the City stated that it would do so. In an email dated June 17, 2011, plaintiffs' counsel said a privilege log *would* be provided (emphasis added).

///

///

No. C 09-1964 RS (EDL)    2

>Jonathan,
>
>I write to confirm that the DBI space has been reserved for you on Monday, June 20 at 2pm and the files you requested will be available. Please note that this is the only day that this space will be made available. **We will provide a privilege log of the documents withheld.**
>
>Thanks,
>Kelly

Lee Decl, Exh. C. Defendant's counsel waited for the privilege log. When a month passed and there was no privilege log, counsel asked for confirmation that it would be provided. In an email dated July 15, 2011, plaintiffs' counsel said a privilege log would be provided in a few days (emphasis added):

>Jonathan,
>
>**1 - We will have the DBI privilege log to you early next week.**
>
>2 - We will send you the information relating to the selected blocks from the Court's May 18th order today.
>
>3 - Not sure I understand your request. We are not aware of deficiencies in Plaintiffs' existing privilege log, or any efforts prior to the now-passed deadline for filing discovery motions, other than Defendant's desire to have a log updated with any new entries based on the DBI files your office recently selected (which we're going to provide next week).
>
>Best,
>
>Mike

Lee Decl. Exh. D. Again, the log was not forthcoming.

On August 17, 2011, in a meet and confer discussion with Deputy City Attorney Tara Steeley, defendant's counsel asked for an update on the status of the overdue privilege log. Ms. Steeley did not know and suggested counsel contact the other plaintiffs' counsel about it. The U.S. Attorney's Office sent email messages to the rest of the plaintiffs' attorneys requesting production of the log or at least a status update. Over a week later, one of the plaintiffs' attorneys Mr. Markman responded with a statement he was "looking into it." Lee Decl. ¶¶ 15-16, Exh. E.

No. C 09-1964 RS (EDL)   3

In addition, in the August 17, 2011, meet and confer discussion, the U.S. Attorney's Office requested information from the City Attorney's Office about whether any litigation hold had been issued to the pertinent City departments and employees. The City Attorney's Office would not discuss the subject. Lee Decl. at ¶¶ 16-17.

### III. ARGUMENT

Plaintiffs may argue that the DBI files are irrelevant or of marginal relevance, in opposing this motion, as they have argued with respect to other motions. The argument should be disregarded because plaintiffs assured the U.S. Attorney's Office the privilege log would be provided. Moreover, the DBI files are relevant because they contain numerous documents confirming that SRO hotels are not apartments, but hotels. Lee Decl. ¶ 9, Exh. A ("The Most Common Questions Asked When Filing The Annual Unit Usage Report," Question 5 "What is the difference between a residential guest room, tourist guest room, and an apartment unit?"). This document is in a 1998 guide the City provided to SRO hotel owners. In the response to question #5 on the document, the City distinguished between residential or tourist rooms in an SRO and an apartment, which is "a dwelling unit by definition and must have cooking facilities and a private bathroom." Id. Plaintiffs' constitutional claims boil down to an allegation that it is unreasonable for the Postal Service to treat the SRO hotels as hotels. The DBI documents show the Postal Service has acted reasonably because the City itself deems SRO hotels to be hotels, not apartments.

**A. The Postal Service Has Met and Conferred in Good Faith to Resolve This Dispute But Those Efforts Have Not Been Successful.**

The U.S. Attorney's Office requested an updated privilege log from the City. The City's attorneys said the log would be provided, in written communications on June 17 and July 15. On August 17, when U.S. Attorney's Office raised this request again, the City Attorney's Office said it did not know about the privilege log. The U.S. Attorney's Office made the request to the other counsel for plaintiff City. They have not responded other than a vague statement that it is being looked into. More than enough time has passed for the City to have fulfilled its stated promise.

No. C 09-1964 RS (EDL)         4

### B. Plaintiff Must Comply With The Court's Standing Order and Its Own Unambiguous Promises to Provide the Privilege Log.

There is no dispute that this Court's Standing Order at paragraph 5 instructs parties on the requirements of privilege logs. That order states:

> 5. **Privilege logs.** If a party withholds information that is responsive to a discovery request, and is otherwise discoverable under the Federal Rules of Civil Procedure, by claiming that it is privileged, or protected from discovery under the attorney work product doctrine or any other protective doctrine (including, but not limited to, privacy rights), that party shall prepare a "privilege log" (Fed. R. Civ. P. 26(b)(5)) setting forth the privilege relied upon and specifying separately for each document or for each category of similarly situated documents:
>   a. The name and job title or capacity of the author;
>   b. The name and job title or capacity of each recipient;
>   c. The date the document was prepared and, if different, the date(s) on which it was sent to or shared with persons other than its author(s);
>   d. The title and description of the document;
>   e. The subject matter addressed in the document;
>   f. The purpose(s) for which it was prepared or communicated; and
>   g. The specific basis for the claim that it is privileged.
>
> The privilege log will be produced as quickly as possible, but no later than 14 days after the discovery responses are due, unless the parties stipulate or the Court orders otherwise in a particular case. Order Re Discovery Procedures (Dkt. No. 60) at ¶ 5.

In this case, plaintiffs provided a log on May 24, 2011, but it has no entries for any of the DBI file documents. Plaintiff City's complete privilege log was due as quickly as possible following its review of the DBI files, but in no case any later than 14 days after that review. The DBI file review started in March 2011 and continued to June 20, 2011, when the City's counsel indicated no further files would be made available. When plaintiffs provided their supplemental log, they had already conducted privilege reviews for approximately 15 DBI files, but none of those documents was shown on the log. The Postal Service was willing to be flexible on the schedule for the City to provide the privilege log, but this has gone on long enough.

Furthermore, the Postal Service is not in a position to assess or evaluate the claim of privilege asserted by the City due to the absence of any log entries for the DBI files. The Postal Service believes the files are public documents, subject to open government laws, not privileged documents. However, until a privilege log is provided, the City's claim cannot be assessed. The Court should permit an in camera review of a subset of documents on the City's privilege log,

No. C 09-1964 RS (EDL)  5


1  once the City complies with the Court's order. There are entries on the existing log that are
2  deficient or questionable. For example, on page 6 of the City's log, there is a reference to a
3  "Retained Expert" but no name is provided.

### C. To the Extent It Is Required, The Court Should Re-Open Discovery on a Limited Basis to Rule On This Motion.

The Postal Service is well aware of the case schedule closing discovery in May and that discovery-related motions were due June 2, 2011. The U.S. Attorney's Office attempted to resolve this issue without filing a motion to compel, consistent with the Court's directions to the parties. Receiving assurances from plaintiffs' counsel that the log would be provided seemed to be progress in the direction of informal solutions to discovery problems, but the log has never materialized.

This court has "broad discretion" when making pretrial rulings." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 607 (9th Cir. 1992). In general, the pretrial scheduling order can only be modified "upon a showing of good cause." *Id*. at 608 (citing Fed. R. Civ. P. 16(b)). The pretrial schedule may be modified "if it cannot reasonably be met despite the diligence of the party seeking the extension." *Id*. at 609. Of course, if the party seeking the modification "was not diligent, the inquiry should end" and the motion to modify should not be granted. *Id*.

Here, the Postal Service sought to resolve this issue informally, heeding the instructions of the Court. Any delay resulting from defendant's attempts to work the matter out with plaintiffs and take plaintiffs at their word should not weigh against this request. To the extent an order reopening discovery is required in a situation where a party has promised to provide a privilege log but failed to do so, the Court should find good cause for a limited reopening of discovery to order the City and County of San Francisco to provide a complete privilege log.

### D. The Court Should Order The City to Disclose Any Litigation Hold Issued In Connection With This Case or Provide a Declaration Confirming There Was None.

As the plaintiff, the City had reason to believe it needed to issue a litigation hold sometime in the approximate timeframe of January 2009, when according to the City Attorney's Office it began to investigate the basis for this lawsuit against the Postal Service, to May 2009,

when the complaint was filed. Whether any litigation hold was issued, in 2009 or at any time, related to this litigation is an unknown because the City won't discuss it. The Postal Service has concerns that documents and electronically stored data which should have been preserved may not have been preserved. For example, during the DBI file review, DBI staff informed the U.S. Attorney's Office that a file requested for review was missing. Lee Decl. ¶ 8. During meet and confer discussions in August 2011 about evidence of returned mail, the City Attorney's Office informed the U.S. Attorney's Office that City workers would not always retain copies of mail returned to the City. Lee Decl. ¶ 17. Whether the City requested the pertinent City departments and employees to preserve any files of information, hard copy or electronic, is unknown, as is whether the City Attorney's Office conducted any searches by key word or otherwise of any of the pertinent electronic sources of data, when responding to discovery. If the City Attorney's Office will not discuss this, the ability of the defendant to assess whether it was done or done satisfactorily is hampered considerably. The Court should order the City to provide the actual litigation hold notices it sent out or a declaration that either describes the communications or confirms there were no such communications.

**IV.   CONCLUSION**

The motion should be granted.

Respectfully submitted,

MELINDA HAAG
United States Attorney

Dated: August 29, 2011                /s/
JONATHAN U. LEE
THOMAS R. GREEN
VICTORIA R. CARRADERO
Assistant United States Attorneys
Attorneys for Federal Defendant